634 A.2d 143

M.R., PETITIONER–APPELLANT, v. STATE OF NEW JERSEY, DE-
PARTMENT OF HUMAN SERVICES, DIVISION OF MEDICAL
ASSISTANCE AND HEALTH SERVICES, RESPONDENT–RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 10, 1993—Decided December 8, 1993.

Before Judges SHEBELL, LONG and LANDAU.

*Peter J. Selesky,* attorney for appellant.

*Fred DeVesa,* Acting Attorney General, attorney for respondent (*Joseph L. Yannotti,* Assistant Attorney General, of counsel, and *John K. Worthington,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

This appeal, filed on behalf of a nursing home resident, M.R., challenges a final decision of the Director of the Department of Human Services, Division of Medical Assistance and Health Services, (Director), which held that under *N.J.S.A.* 30:4D-2 and *N.J.A.C.* 10:71-5.1 *et seq.,* voluntarily waived state pension benefits are considered "available income" when evaluating Medicaid eligibility.

In so holding, the Director rejected an Administrative Law Judge's decision which recommended a contrary result. It is not disputed that the waived monthly benefits, when added to M.R.'s Social Security and other pension benefits, exceeded the monthly income level of $1,221 necessary to qualify for medical assistance under the applicable guidelines.

*N.J.S.A.* 43:4-7 and 43:4-8 permit a retiree under any pension act or retirement system established pursuant to law to waive payment of a portion of any pension, and to withdraw or modify the waiver request. Once waived, however, the pension benefit for a given month cannot be retroactively recaptured.

In this case, a waiver was executed on behalf of M.R., reducing her monthly state pension allowance from $452.08 to $0 as of February 1, 1991. Her Medicaid application was then filed, reporting available income which did not include this amount.

The legislative declaration of purpose in *N.J.S.A.* 30:4D–2 provides in pertinent part: "benefits provided hereunder shall be last resource benefits notwithstanding any provisions contained in contracts, wills, agreements or other instruments." In adopting standards for determining Medicaid eligibility under this program which is jointly funded from federal and state sources, a state agency must take "into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant or recipient...." 42 *U.S.C.A.* § 1396a(a)(17)(B).

"Available income" is the subject of a regulation adopted by the Division of Medical Assistance:

Availability of Income: In order to be considered in the determination of eligibility, income must be "available." Income shall be considered available to an individual when:

i.   with the exception of income from self-employment, the individual actually received the income;

ii.  with the exception of income from self-employment, the income becomes payable but is not received by the individual due to his/her preference for voluntary deferment;

iii. Income has been deemed available to the applicant (see *N.J.A.C.* 10:71–5.5 regarding the deeming of income);

iv.  Net earnings from self-employment have been determined in accordance with *N.J.A.C.* 10:71–5.4(a)2.

[*N.J.A.C.* 10:71–5.1(b)1].

Under the Director's reading, any income not specifically excluded by this regulation is includable, i.e. deemed available. Indeed, *N.J.A.C.* 10:71–5.4(a) so provides.

The Division's regulations do not specifically refer to voluntarily waived income, although *N.J.A.C.* 10:71–5.1(b)1(ii) considers income to be available when voluntarily *deferred.*

Crucial to this review is M.R.'s argument that the Director acted arbitrarily and capriciously in ignoring the distinction made by the ALJ between a "deferment" and a "waiver". The ALJ opinion noted that "deferment" means only to put off or postpone payment to a future time, whereas "waiver" connotes a permanent loss of the ability to recoup the waived portion. M.R. thus urges that, to the extent waived, the pension payments were neither "received" under *N.J.A.C.* 10:71–5.4(a)(3), nor "available" under *N.J.A.C.* 10:71–5.1(b)(1)(ii).

■ Our role in reviewing the Director's decision is limited. We must inquire whether it violates the express or implied legislative policy of the Medical Assistance and Health Services Act (Act); whether there is substantial evidence of record to support the facts underlying the decision; and whether it could reasonably have been reached. *See Pub. Serv. Elec. v. N.J. Dept. of Environ.,* 101 *N.J.* 95, 501 *A.*2d 125 (1985); *Henry v. Rahway State Prison,* 81 *N.J.* 571, 410 *A.*2d 686 (1980).

While we recognize the semantical distinction between voluntary "deferment", the word used in Regulation *N.J.A.C.* 10:71–5.1(b)(1)(ii), and a "waiver", interpretation of the regulation must conform with the policy and purpose of the Act.

Where, as here, pension benefits are indisputably payable if not waived, we cannot say that it is unreasonable and arbitrary under the Act to interpret those benefits as having been "available", despite exercise of the waiver privilege conferred by *N.J.S.A.* 43:4–7. This interpretation is consistent with the Act's "last resource" statement of purpose, (*N.J.S.A.* 30:4D–2); with the statute's delegation to the Human Resources Commissioner of the right to pursue independently Medicaid recipient's claims against third parties (*N.J.S.A.* 30:4D–7.1); with the ineligibility declared to result to the extent of disposal of resources for less than fair market value within 30 months of a Medicaid application (*see e.g., N.J.S.A.* 30:4D–3(i)(15)); and with the regulatory recognition that assets are "inaccessible" to a recipient only if they become so through no fault of the recipient. *N.J.A.C.* 10:71–4.4(b)(6).

590

Although it is arguable that the pension waiver provisions may have been set forth in *N.J.S.A.* 43:4–7 and 43:4–8 in contemplation of this very issue, such legislative purpose has not been articulated sufficiently to move us to declare arbitrary the Director's entirely reasonable determination in this case.

A contention has also been made on appeal that failure of the Director of the Office of Administrative Law to sign a timely extension of final decision renders final the initial ALJ opinion under *N.J.S.A.* 52:14B–10(c). We note that a timely request for second extension was executed by the Division of Medical Services on October 7, 1992 and received by the Office of Administrative Law (OAL) on October 9, 1992, before expiration of the extended date for final decision. As the short extension was signed by OAL only six days later at the timely instance of the agency, and as we perceive no prejudice to M.R. resulting from the brief delay, it is clear that the "draconian result of being deprived of final decision-making authority" should not be visited upon the Director and the Division. *Chapel v. Bd. of Trustees,* 258 *N.J.Super.* 389, 396–397, 609 *A.*2d 1294 (App.Div.1992). *See also King v. N.J. Racing Com'n,* 103 *N.J.* 412, 421, 511 *A.*2d 615 (1986); and *N.J.A.C.* 1.1–18.8.

Affirmed.